UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| County of Mono, et al., | No. 2:21-cv-00834-KJM-KJN |
| Plaintiffs, | ORDER |
| v. | |
| Liberty Utilities Calpeco Electric, LLC, et al., | |
| Defendants. | |

Plaintiffs County of Mono, the Antelope Valley Fire Protection District, the Toiyabe Indian Health Project, Inc., and the Bridgeport Indian Colony filed this action against Liberty Utilities (CalPeco Electric) LLC and Algonquin Power and Utilities Corp. (Algonquin). Plaintiffs now move to file a first amended complaint against Liberty Utilities.[1] The court **grants the motion**.

I.  **BACKGROUND**

In January 2021, plaintiffs filed this action in the Superior Court of California, County of Los Angeles.  Not. of Removal ¶ 8, ECF No. 1.  Plaintiffs' property was damaged in the Mountain View Fire, which the plaintiffs claim Liberty Utilities and Algonquin caused.  Compl. ¶¶ 1 & 4–5, ECF No. 1-1.  Liberty Utilities and Algonquin removed the case to the Central

---

[1] The plaintiffs have voluntarily dismissed Algonquin.  ECF No. 42.

1

District of California, *see generally* Not. of Removal, and sought to transfer the case to this district, Mot. Transfer, ECF No. 10. Meanwhile, plaintiffs moved for remand, Mot. Remand, ECF No. 19, and leave to amend to clarify there was no federal question jurisdiction, Mot. Am. at 3, ECF No. 14-1. Plaintiffs then withdrew the motion because they learned "that some of the land affected by the subject fire includes tribal trust lands." Withdrawal at 2, ECF No. 15. At hearing before the Central District judge, plaintiffs renewed their motion to amend. Order at 9, ECF No. 29. The court "denie[d] [p]laintiffs' request for leave to amend," *id.* at 10 n. 3, found there was federal question jurisdiction, and transferred the matter to this court, *id.* at 10.

Plaintiffs now move to file a first amended complaint. Mot. ECF No. 36; Mem., ECF No. 36-1. Liberty Utilities opposes, Opp'n, ECF No. 38, and plaintiffs have replied, Reply, ECF No. 41. The court submitted the matter on the papers. Min. Order, ECF No. 40.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) states the court should "freely give[ ] [leave to amend] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.' " *See Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III.  ANALYSIS

Plaintiffs make clear they intend to remove reliance on any federal questions in their complaint, Mem. at 1, and subsequently move for remand, Reply at 5 n.2. Liberty Utilities argues the court should deny amendment under the law-of-the-case doctrine and because amendment would be futile. Opp'n at 2. Under the law-of-the-case doctrine, "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018)

(citation omitted). The court is not persuaded the law-of-the-case doctrine binds it to the previous District Judge's decision to deny leave to amend the complaint. *Id.* ("The . . . doctrine does not preclude a court from reassessing its own legal rulings . . . [it] applies most clearly where an issue has been decided by a higher court . . . ."). The court reconsiders the previous decision and opts to decide the motion to amend on the merit. Additionally, amendment would not be futile, even if this court would retain jurisdiction after amendment as Liberty Utilities argues. *See* Opp'n at 7. "[A]n amendment is 'futile' only if it would clearly be subject to dismissal." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987)). Here, the court cannot say the proposed amendment would render the complaint clearly subject to dismissal. Liberty Utilities' arguments are better raised in response to any forthcoming motion for remand. The court finds no basis for denying leave to amend at this stage.

IV.   **CONCLUSION**

The court **grants plaintiffs' motion**. Any amended complaint shall be **filed with 21 days**.

This order resolves ECF No. 36.

IT IS SO ORDERED.

DATED: November 15, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE