UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF MONO, a political subdivision of the State of California; ANTELOPE VALLEY FIRE PROTECTION DISTRICT, a special district; TOIYABE INDIAN HEALTH PROJECT, INC., a California Corporation; and BRIDGEPORT INDIAN COLONY, <br><br>Plaintiffs, <br>v. <br><br>LIBERTY UTILITIES (CALPECO ELECTRIC, LLC); and DOES 1 THROUGH 50, INCLUSIVE, <br><br>Defendants. | No. 2:21-cv-00834-TLN-KJN <br><br>**ORDER** |

This matter is before the Court on Plaintiffs County of Mono, Antelope Valley Fire Protection District, and Toiyabe Indian Health Project's (collectively, "Plaintiffs") Motion to Sever and Remand.[1] (ECF No. 51.) Defendant Liberty Utilities ("Defendant") opposed the motion. (ECF No. 53.) Plaintiffs replied. (ECF No. 55.) For the reasons set forth below, Plaintiffs' Motion is DENIED.

---

[1] Plaintiff Bridgeport Indian Colony ("Bridgeport") does not join in the motion. Although the moving Plaintiffs indicate in a footnote that Bridgeport intends to file a separate motion to remand, no such motion has been filed as of the date of this Order.

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant is a utility company providing electrical power and services to residents of Mono County. (ECF No. 46 at 3.) On November 17, 2020, powerlines owned, operated, and managed by Defendant ignited the Mountain View Fire. (*Id.*) The blaze began when Defendant's conductor broke and fell to the ground, causing nearby vegetation to ignite. (*Id.*) Plaintiffs are entities that allegedly suffered property losses and other damages from the fire. (*Id.*)

Plaintiffs filed a complaint in Los Angeles County Superior Court on January 28, 2021. (ECF No. 1-1.) Defendant removed the action to federal court in the Central District of California. (ECF No. 1.) The Central District of California denied Plaintiffs' motion to remand and transferred the case to this district. *Cnty. of Mono v. Liberty Utils. Calpeco Elec., LLC*, No. CV 21-769-GW-JPRx, 2021 WL 3185478, at *9 (C.D. Cal. May 6, 2021). In denying the motion to remand, the Central District of California court found Defendant "properly removed the case to federal court based on Bridgeport's allegations seeking damages for trespass and injury to tribal land, and decline[d] to remand the matter to state court on that ground." *Id.* at *6. The court also noted that Plaintiffs' complaint referenced the Fifth Amendment, which created a "disputed question of federal law on the face of the Complaint." *Id.*

On November 19, 2021, Plaintiffs filed the operative First Amended Complaint ("FAC"), in which they eliminated any reference to the Fifth Amendment and made clear they are proceeding solely under state law. (ECF No. 46.) Plaintiffs also eliminated Bridgeport's trespass claim. (*See id.*) On December 15, 2021, Plaintiffs filed the instant motion to sever and remand their claims. (ECF No. 51.)

### II. STANDARD OF LAW

Plaintiffs move to sever pursuant to Federal Rule of Civil Procedure ("Rule") 21, which permits a court to "sever any claim against a party." Fed. R. Civ. P. 21. A court has broad discretion in determining whether to sever claims under Rule 21. *Brunet v. United Gas Pipeline Co.*, 15 F. 3d 500, 505 (5th Cir. 1994). "There is no established test in the Ninth Circuit for when a district court should exercise its broad discretion to sever a claim under Rule 21." *Arcure v. Cal. Dep't of Develop. Servs.*, No. 1:13-cv-00541-LJO-BAM, 2014 WL 346612, at *6 (E.D. Cal.

1  Jan. 30, 2014). "Claims may be severable under Rule 21 if they arise from different factual
2  situations or pose different legal questions." *Khanna v. State Bar of Cal.*, No. C-07-2587 EMC,
3  2007 WL 2288116, at *2 (N.D. Cal. Aug. 7, 2007). Claims may also be severed "if it will serve
4  the ends of justice and further the prompt and efficient disposition of litigation." *Id.* (citation
5  omitted). "Fairness is a critical consideration in determining whether severance is appropriate,"
6  and therefore it must be determined whether any party would suffer prejudice. *Pena v. McArthur*,
7  889 F. Supp. 403, 407 (E.D. Cal. 1994) (citation omitted).

8  In determining whether to sever a claim, a court may consider the following: "(1) whether
9  the claims arise out of the same transaction or occurrence; (2) whether the claims present some
10 common questions of law or fact; (3) whether settlement of the claims or judicial economy would
11 be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether
12 different witnesses and documentary proof are required for the separate claims." *SEC v. Leslie*,
13 No. C 07-3444, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010) (citation omitted). This Court
14 has repeatedly applied these factors when ruling on motions to sever. *See, e.g.*, *Plasse v. Ford*,
15 No. 2:17-CV-01136-TLN-JDP, 2021 WL 3912257, at *2 (E.D. Cal. Sept. 1, 2021); *Repro-Med*
16 *Sys., Inc. v. EMED Techs. Corp.*, No. 2:13-CV-01957-TLN-CKD, 2019 WL 569277, at *4 (E.D.
17 Cal. Feb. 12, 2019).

18 **III.   ANALYSIS**

19 Plaintiffs argue that the Court should sever their claims from Bridgeport Indian Colony's
20 claims because they have amended the complaint to make clear their claims arise only under state
21 law. (ECF No. 51-1 at 7.) Plaintiffs do not raise arguments as to any of the factors this Court
22 typically considers on a Rule 21 motion. (*See id.*)

23 In opposition, Defendant argues all the claims in this action arise from a common
24 occurrence — the Mountain View Fire. (ECF No. 53 at 8.) Defendant also argues a common
25 question of law exists, namely Bridgeport's possessory interest in its land. (*Id.* at 9.) Lastly,
26 Defendant argues severing the claims would risk inconsistent findings between the state and
27 federal courts. (*Id.* at 10.)

28 ///

Plaintiff has not persuaded the Court that severance is warranted. As all Plaintiffs' claims relate to Defendant's liability for damage caused by the Mountain View Fire, Plaintiffs' claims appear to stem from a common occurrence and there is at least the possibility that the claims involve some common questions of law or fact. *Leslie*, 2010 WL 2991038, at *4. No party addresses whether severance would facilitate the settlement of the claims or judicial economy, whether severance would prevent prejudice to the parties, or whether different witnesses and documentary proof are required for the separate claims. *Id.* Based on the very limited arguments before the Court, the Court cannot say that any relevant factor weighs in favor of severance. Accordingly, the Court DENIES Plaintiffs' motion to sever.

With respect to the issue of remand, Bridgeport did not join in the instant motion or file its own motion to remand. Therefore, federal question jurisdiction over Bridgeport's claims is not presently at issue. Absent further argument on the issue, the Court declines to disturb the Central District of California court's finding of federal question jurisdiction over Bridgeport's claims. Importantly, it appears Bridgeport still alleges Defendant caused damage to tribal land, which was the basis for the Central District of California court's ruling. (*See* ECF No. 46 at 3.) Further, the Court cannot say based on the current record that supplemental jurisdiction over Plaintiffs' claims is improper, as all Plaintiffs' claims appear to stem from "a common nucleus of operative fact," such that "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see also* 28 U.S.C. § 1367. Therefore, the Court DENIES Plaintiffs' motion to remand.

**IV.    CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Plaintiffs' motion without prejudice. (ECF No. 51.)

IT IS SO ORDERED.

**DATED: August 15, 2022**

Troy L. Nunley
United States District Judge

4