1  Krsto Mijanovic (Bar No. 205060)
     kmijanovic@hbblaw.com
2  Patrick F. McIntyre (Bar No. 272042)
     pmcintyre@hbblaw.com
3  Steven A. Scordalakis (Bar No. 293212)
     sscordalakis@hbblaw.com
4  HAIGHT BROWN & BONESTEEL LLP
   555 South Flower Street, Forty-Fifth Floor
5  Los Angeles, California 90071
   Telephone:  213.542.8000
6  Facsimile:   213.542.8100

7  Attorneys for Defendant
   LIBERTY UTILITIES (CALPECO ELECTRIC), LLC

8
   JOHN P. FISKE (SBN 249256)
9  JASON J. JULIUS (SBN 249036)
   **BARON & BUDD, P.C.**
10 11440 West Bernardo Court, Suite 265
   San Diego, CA 92127
11 Tel: 858.251.7424
   Email:  jfiske@baronbudd.com
12          jjulius@baronbudd.com

13 ED DIAB (SBN 262319)
   DEBORAH S. DIXON (SBN 248965)
14 ROBERTY J. CHAMBERS II (SBN 244688)
   **DIXON DIAB & CHAMBERS LLP**
15 501 W. Broadway, Suite 800
   San Diego, CA 92101
16 Tel:  619.354.2662
   Email:  diab@theddcfirm.com
17          ddixon@theddcfirm.com
            rob@theddcfirm.com
18
   Attorneys for PLAINTIFFS

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| COUNTY OF MONO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LIBERTY UTILITIES (CALPECO ELECTRIC), LLC, et al.,<br><br>    Defendants. | Case No. 2:21-cv-00834-KJM-KJN<br><br>**STIPULATED PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

Discovery activity in this action is likely to involve production of confidential, proprietary, or private information that a party may claim deserves special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

The parties acknowledge that this Stipulation and Order does not confer blanket protections on all responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties retain and reserve their rights to seek a modification of the Order should the Order prove problematic or unworkable in practice due to unforeseen issues, and all parties agree not to assert that any such proposed modifications are foreclosed by this Order. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulation and Order does not entitle them to file confidential information under seal; Civil Local Rule 141 and 141.1 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Stipulation and Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including, but not limited to, (1) trade secrets as defined by applicable legal principles; (2) confidential personally identifiable information; (3) other confidential research and development information; (4) competitively sensitive commercial or proprietary information; (5) confidential financial information, including financial information about any party to this lawsuit or its individual employees, owners or members; (6) confidential customer data as defined by California Public Utilities Code sections 8380 and 8381; (7) personal or confidential/privileged information about an individual collected or received in connection with an insurance claim, as contemplated by California Insurance Code Section 791.13; and/or (8) any other information protected by the Constitution of the United States, California's Constitution and

common law right to privacy.

2.3   Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   Designating Party:  a Party or Non-Party that designates information or items that it produces in responses to discovery as "CONFIDENTIAL."

2.5   Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in responses to discovery in this matter.

2.6.   Action: the action entitled *County of Mono, et al. v. Liberty Utilities (CalPeco Electric) LLC, et al.*, Case No. 2:21-cv-00834-DAD-KJN.

2.7   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8   House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10   Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11   Party:  any party to this Action, including all of its members, officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party:  a Party or Non-Party that produces Discovery Material in this Action.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

  2.14 <u>Protected Material</u>:  any Discovery Material that is designated as "CONFIDENTIAL."

  2.15 <u>Receiving Party</u>:  a Party that receives Discovery Material from a Producing Party.

3. <u>SCOPE</u>

  The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material; and (4) any Protected Material that is informally produced.

  The protections conferred by this Stipulation and Order do not cover the following information: (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulation and Order, including becoming part of the public record through trial or otherwise; and (2) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. <u>DURATION</u>

  Even after final disposition of this Action, the confidentiality obligations imposed by this Stipulation and Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

   5.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Stipulation and Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulation and Order.

   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

   If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

   5.2  <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Stipulation and Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Stipulation and Order must be clearly so designated before the material is disclosed or produced.

   Designation in conformity with this Stipulation and Order requires:

   (a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

   A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the

designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulation and Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days following receipt of the final deposition transcript to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulation and Order.

To designate, the Designating Party must provide the other Parties a list of all pages (including line numbers as appropriate) that have been designated as Protected Material.

Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. If the designation is made before the deposition is concluded, the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material. The Designating Party shall inform the court reporter of these requirements.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulation and Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulation and Order.

5.4    <u>Privilege Log</u>

Each Party and Non-Party that designates information or items for protection under this Stipulation and Order will produce a privilege log that identifies the information and items designated for protection and the basis(es) for the designation.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulation and Order. The Parties shall attempt to resolve each challenge

in good faith and must begin the process by conferring directly – via telephone and/or written communication transmitted via e-mail– within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion (in compliance with the applicable Local Rule(s) and Federal Rule(s) of Civil Procedure) to uphold the confidentiality designation within 21 days from the date of service of the initial notice of challenge or within 10 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. The Parties, however, may stipulate to extend the 21-day or 10-day deadline. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 10 days or stipulated extended deadline, if applicable) shall automatically remove the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

      The burden of persuasion in any such challenge proceeding shall depend on whether the Protected Material is designated protected due to a privilege or due to being Confidential.  If the Protected Material is designated as Privileged, then the burden of persuasion in any challenge

proceeding is on the Challenging Party. If the Protected Material is designated as Confidential, but is not Privileged, then the burden of persuasion is on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation and Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulation and Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) attorneys of record in this Action and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in this Action, are not employees of any Party, and to whom it is reasonably necessary to disclose the information for this litigation, provided, however, that each non-attorney given access to Protected Material shall be advised that such Protected Materials are being disclosed pursuant to, and are subject to, the terms of this Stipulation and Order and that they may not be disclosed other than pursuant to the terms of this Stipulation and Order;

(b) the members, officers, directors, and employees (including House Counsel and their staff) of the Receiving Party to whom disclosure is reasonably necessary for this Action and

who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(c) Experts (as defined in this Stipulation and Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, jurors; professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(f) during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulation and Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) any mediator who is assigned to hear this Action, and his or her staff, subject to their singing the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; and

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulation and Order. Such notification shall include a copy of this Stipulation and Order;

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Stipulation and Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Stipulation and Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulation and Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination

by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

(a) When a Producing Party gives notice to Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in this Order by writing.

(b)  In the event a Party claims that Protected Material subject to a "CONFIDENTIAL" designation was inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production (the "Inadvertent Production Notice"), together with a further copy of the subject Protected Material designated as "CONFIDENTIAL."   Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Protected Material shall promptly destroy the inadvertently produced Protected Material and all copies thereof, or, at the option and expense of the Producing Party, return such together with all

copies of such Protected Material to counsel for the Producing Party and shall retain only the "CONFIDENTIAL" designated Materials. If the Receiving Party destroys such inadvertently produced Protected Material, the Receiving Party shall notify the Producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. However, the Receiving Party may challenge the "CONFIDENTIAL" designation as set forth in Section 6, *supra*.

12.  MISCELLANEOUS

   12.1   Right to Further Relief. Nothing in this Stipulation and Order abridges the right of any person to seek its modification by the court in the future.

   12.2   Right to Assert Other Objections. By stipulating to the entry of this Stipulation and Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulation and Order.

   12.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141 and 141.1. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 141 and 141.1, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141 and 141.1 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 141 and 141.1, or unless otherwise instructed by the court.

   12.4   Enforcement. A breach of the terms of this Protective Order is subject to the full powers and jurisdiction of the Court, including but not limited to the powers of contempt and injunctive relief, and shall entitle the non-breaching party to appropriate sanctions, including but

not limited to all attorneys' fees and other costs incurred in the enforcement of this Protective Order.

13. **FINAL DISPOSITION**

Within 60 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulation and Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED.**

Dated: October 4, 2022          HAIGHT BROWN & BONESTEEL LLP

                                By:     /s/ Steven A. Scordalakis
                                     Krsto Mijanovic
                                     Patrick F. McIntyre
                                     Steven A. Scordalakis
                                     Attorneys for LIBERTY UTILITIES (CALPECO
                                     ELECTRIC) LLC

| | | |
|---|---|---|
| Dated: October 4, 2022 | | BARON & BUDD, P.C. |
| | | |
| | By: | /s/ Jason Julius |
| | | John P. Fiske |
| | | Jason J. Julius |
| | | Attorneys for Plaintiffs |
| | | |
| Dated: October 4, 2022 | | DIXON DIAB & CHAMBERS LLP |
| | | |
| | By: | /s/ Ed Diab |
| | | Ed Diab |
| | | Deborah S. Dixon |
| | | Robert J. Chambers II |
| | | Attorney for Plaintiffs |

**ORDER**

The court reviewed the parties' stipulated protective order. (See ECF No. 67). The stipulation comports with the relevant authorities and the court's applicable local rule. See L.R. 141.1. The court APPROVES the protective order, subject to the following clarification. The Local Rules state that once an action is closed, "unless otherwise ordered, the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); see also, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017) (noting that courts in the district generally do not agree to retain jurisdiction for disputes concerning protective orders after closure of the case). Thus, the court will not retain jurisdiction over this protective order once the case is closed.

Dated: October 6, 2022

*[Signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mono.834

LU15-0000001
14332709.1

14
STIPULATED PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Order that was issued by the United States District Court for the Eastern District of California on _____, 20___ in the case of *County of Mono, et al. v. Liberty Utilities (CalPeco Electric) LLC, et al.*, Case No. 2:21-cv-00834-KJM-KJN. I agree to comply with and to be bound by all the terms of this Stipulation and Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulation and Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulation and Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type entity name, full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulation and Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

LU15-0000001
14332709.1

15
STIPULATED PROTECTIVE ORDER